Garlanb, J.
delivered the opinion of the court.
The plaintiffs, holders of two promissory notes amounting to 0698 50, drawn by Massey & Wasson, residents of Mississippi, instituted a suit against them by attachment in Hinds county, before the notes fell due, alleging the drawers were about to remove to Texas. The attachment having been levied on property belonging to Massey & Wasson, they gave a bond with several sureties (of whom the defendant is one,) in double the amount of the sum [74] claimed, the condition of which was, if Massey & Wasson should pay the amount of the notes sued on at maturity, the bond should be void - otherwise to remain in full force and effect. The notes were not paid when they became due, and the defendant being temporarily in this State was sued on. his obligation and held to bail. When this bond was taken, it was handed by the officer who executed the attachment to the plaintiffs or their attorney, .and the suit was dismissed by them at their costs.
The defendant contends that as the attachment was dismissed in Mississippi the bond thereby became void, and further that the bond was not taken in accordance with the statute of that State, and therefore null. Under the laws of this State such a bond would probably be of no validity, but this case is to be decided upon the statute of a sister State, upon the proper-construction of which, we regret there is no decision of their tribunals to enlighten us.
The 25th section of the Act of June 7th, 1822, found in Howard & Hutchinson’s compilation of the Statutes of Mississippi, pp. 553, 554, authorizes the issuing of attachments before the debt is payable, it prescribes the cases, *49 the oath to he taken and the hond to he given by the plaintiff, and the mode of service by the officer. The law then says, “ If siich debtor shall not, pn or before the return of such attachment, enter into bond, with sufficient security, for the payment of the said debt when it shall become payable, the court on due proof of the justice thereof and of the intention of the debtor to remove, or of his having actually removed out of the State, shall grant judgment as in other cases of attachment ” against the debtor or garnishee, and execution is to be stayed until the debt becomes due, or the property sold payable when it is due. The proviso to the section further says: “ All such attachments shall be repleviable in the same manner as other attachments are by law repleviable,” and the debtor may defend the suit as in other cases.
This statute we think authorizes the debtor to give one of two bonds, [75] either of which, if properly taken, binds him and his sureties. If he does not wish to defend the suit and wishes to release his property, he may give a bond to pay the debt at maturity, and then the fair inference from the statute is, the creditor cannot proceed to judgment, but must stop his suit as was done in this case; but if the debtor wishes to defend in the attachment he may replevy the property, enter his appearance'and defend himself, and if the creditor is defeated in his attachment in any manner, the bond is avoided. In this case, Massey & Wasson gave the bond to pay the debt at maturity, the defendant signed it as their surety, the suit was dismissed, as appears by the evidence, on motion of the counsel of the plaintiffs; we therefore think the bond was properly taken, and that the defendant is responsible for the debt and interest, which is proved to he at the rate of eight per cent, per annum, and also for three dollars and fifty cents, the cost of protest.
It is therefore ordered and decreed, that the judgment of the commercial court be reversed and annulled; and this court proceeding to render such-judgment as ought to have been rendered in the court below, further orders, adjudges and decrees, that the plaintiffs, Ohurch & Kyle, do recover of and have judgment against the defendant, Isaiah Henry, for the sum of seven hundred and two dollars, with interest at the rate of eight per centum per annum on the sum of five hundred and twenty-eight dollars and fifty cents (§528 50), from the 4th day of June, in the year 1839 until paid, and like interest on the sum of one hundred and sixty-nine dollars ($169), from the 4th day of July, in the same year, until payment, and also for costs in both courts.